1  DAVID R. ZARO (BAR NO. 124334)
   JOSHUA A. DEL CASTILLO (BAR NO. 239015)
2  LAUREN R. RACANELLI (BAR NO. 265198)
   ALLEN MATKINS LECK GAMBLE
3    MALLORY & NATSIS LLP
   515 South Figueroa Street, Ninth Floor
4  Los Angeles, California 90071-3309
   Phone: (213) 622-5555
5  Fax: (213) 620-8816
   E-Mail: dzaro@allenmatkins.com
6         jdelcastillo@allenmatkins.com
          lracanelli@allenmatkins.com
7
   Attorneys for Defendant
8  ONEWEST BANK N.A., formerly known as
   ONEWEST BANK, FSB
9

10              UNITED STATES DISTRICT COURT

11            EASTERN DISTRICT OF CALIFORNIA

12

13  KATHRYN GOUVEIA and MARCOS    | Case No. 2:14-cv-01108-JAM-CKD
    GOUVEIA,
14                                | ASSIGNED FOR ALL PURPOSES TO
              Plaintiffs,         | Judge John A. Mendez
15
         vs.                      | NOTICE OF MOTION AND MOTION
16                                | TO DISMISS COMPLAINT;
    ONEWEST BANK, FSB; and DOES 1 | MEMORANDUM OF POINTS AND
17  through 50, inclusive ,       | AUTHORITIES IN SUPPORT
                                  | THEREOF
18            Defendants.
                                  | Date: June 18, 2014
19                                | Time: 9:30 a.m.
                                  | Ctrm: 6
20

21

22       TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

23       PLEASE TAKE NOTICE that on June 18, at 9:30 a.m., or as soon thereafter

24  as the matter may be heard, in Courtroom 6 of the above-entitled court, located at

25  501 I Street, Sacramento, California 95814, Defendant OneWest Bank N.A.,

26  formerly known as OneWest Bank, FSB, ("OneWest"), will and hereby does move

27  this Court to dismiss the Complaint of Plaintiffs Kathryn and Marcos Gouveia

28  (collectively, "Plaintiffs"), pursuant to Fed. R. Civ. P. 12(b)(6).

1        This Motion is based upon this Notice, the following Memorandum of Points

2   and Authorities, and upon such further oral argument, testimony and evidence as

3   may be received at the hearing on this matter.

4   Dated:  May 14, 2014         ALLEN MATKINS LECK GAMBLE
                               MALLORY & NATSIS LLP

5                              DAVID R. ZARO
                           JOSHUA A. DEL CASTILLO

6                              LAUREN R. RACANELLI

7

8                           By:_____/s/ *Lauren Racanelli*
                           LAUREN R. RACANELLI

9                              Attorneys for Defendant
                           ONEWEST BANK N.A., formerly

10                             known as ONEWEST BANK, FSB

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# <u>TABLE OF CONTENTS</u>

**Page**

I.    INTRODUCTION ................................................................ 1

II.   STATEMENT OF FACTS ..................................................... 1

III.  STANDARD OF REVIEW .................................................... 2

IV.   ARGUMENT ...................................................................... 4

    A.   Plaintiffs' First Cause Of Action For Violation Of Cal. Civ. Code § 1788.20 (The Rosenthal Act") Fails As A Matter Of Law Because The Statute Prohibits Debtors' Acts, Not Lenders' Acts, And Even If It Did Apply, OneWest Is Not A Debt Collector, And Non-Judicial Foreclosure Is Not A Debt Collection Act ........................... 4

    B.   Plaintiffs' Second Cause Of Action For Violation Of 15 U.S.C. § 1692 Fails As A Matter Of Law Because OneWest Is Not A Debt Collector As Defined By The Statute And A Non-Judicial Foreclosure Does Is Not A Debt Collection Act ................................................... 6

    C.   Plaintiffs' Third Cause Of Action Is Predicated On Their First Two Failed Causes Of Action And Therefore Necessarily Fails ................................................................ 7

    D.   Plaintiffs' Fourth Cause Of Action, For Negligence Per Se, Is Also Based Exclusively On Plaintiffs' Unsupported Statutory Violation Claims, And Must Accordingly Fail .......... 8

V.    CONCLUSION ................................................................... 8

# <u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

<u>Cases</u>

Associated Gen. Contractors. of Am. v. Metro. Water Dist.,
  159 F.3d 1178 (9th Cir. 1998) ............................................................................3

Baker v. G.C. Services Corp.,
  677 F.2d 775 (9th Cir. 1982) ..............................................................................6

Balistreri v. Pacifica Police Dept.,
  901 F.2d 696 (9th Cir. 1988) ..............................................................................3

Bautista v. Los Angeles County,
  216 F.3d 837 (9th Cir. 2000) ..............................................................................2

Bell Atlantic Corp. v. Twombly,
  550 U.S. 544 (2007) ............................................................................................3

Benham v. Aurora Loan Services,
  2009 WL 2880232 (N.D. Cal. Feb. 9, 2009) ......................................................5

Bottoni v. Sallie Mae, Inc.,
  2011 U.S. Dist. Lexis 18874 (S.D. Cal. Feb. 11, 2011) .....................................4

Cahill v. Liberty Mut. Ins. Co.,
  80 F.3d 336 (9th Cir. 1996) ................................................................................3

Cairns v. Franklin Mint Co.,
  24 F.Supp.2d 1013 (C.D. Cal. 1998) ..................................................................3

Clegg v. Cult Awareness Network,
  18 F.3d 752 (9th Cir. 1994) ................................................................................3

Farm Credit Servs. v. Am. State Bank,
  339 F.3d 765 (8th Cir. 2003) ..............................................................................3

Gamboa v. Tr. Corps & Cent. Mortg. Loan Servicing Co.,
  2009 U.S. Dist. LEXIS 19613 (N.D. Cal. Mar. 12, 2009) .................................7

Hulse v. Ocwen Fed. Bank, FSB,
  195 F.Supp.2d 1188 (D. Or. 2002) .....................................................................5

Izenberg v. ETS Servs., LLC,
  589 F.Supp.2d 1193 (C.D. Cal. 2008) ................................................................7

Khoury v. Maly's of California,
  14 Cal. App. 4th 612 (1993) ...........................................................................7, 8

Krawczyk v. Centurion Capital Corp.,
  2009 U.S. Dist. LEXIS 12204 (N.D. Ill. Feb. 18, 2009) ...................................6

Oei v. N Star Capital Acquisitions, LLC,

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

**Page(s)**

486 F. Supp. 2d 1089 (C.D. Cal. 2006) ........................................................7

People v. McKale,
   25 Cal. 3d 626 (1979) ..................................................................... 7, 8

Perez v. Ocwen Loan Servicing,
   2011 U.S. Dist. LEXIS 73769 (S.D. Cal. July 6, 2011) ......................7

Quintero Family Trust v. OneWest Bank, F.S.B.,
   2010 U.S. Dist. LEXIS 63659 (S.D. Cal. June 25, 2010) ...................5

Ricon v. Recontrust Co.,
   2009 U.S. Dist. LEXIS 67807 (S.D. Cal. Aug. 4, 2009).....................7

Schuck v. Fannie Mae,
   2011 U.S. Dist. LEXIS 69257 (E.D. Cal. June 28, 2011) ...................7

**Statutes**

15 U.S.C. § 1692 ................................................................................. 1, 6

15 U.S.C. § 1692a(6)..................................................................................6

Cal Civ. Code § 1788.20(b) .......................................................................4

Cal. Bus. & Prof. Code § 17200 ........................................................ 1, 7, 8

Cal. Civ. Code § 1788.20 ..................................................................... 1, 4

Cal. Evid. Code § 669(a)............................................................................8

**Rules**

Fed. R. Civ. P. 12(b)(6)....................................................................... 1, 3

Fed. R. Civ. P. 8 ................................................................................. 2, 3

Fed. R. Civ. P. 8(a)....................................................................................3

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.      INTRODUCTION.

OneWest respectfully moves to dismiss Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(6), on the grounds that the Complaint fails to state a claim for which relief can be granted.  Plaintiffs' causes of action for:  (1) Violation of Cal. Civ. Code § 1788.20; (2) Violation of 15 U.S.C. § 1692; (3) Violation of Business and Professions Code § 17200; and (4) Negligence Per Se should each be dismissed, with prejudice, for failure to state a claim for which relief can be granted.

Plaintiffs' Complaint is based on their allegations that their mortgage lender, OneWest, violated California Civil Code § 1788.20 and 15 U.S.C. § 1692 when it furnished information to the credit reporting agencies ("CRAs") reflecting that their residential mortgage – on which Plaintiffs admit they defaulted – was in the process of being foreclosed, when in fact the foreclosure sale had been completed.  Even assuming the truth of these allegations, California Civil Code § 1788.20 and 15 U.S.C. § 1692 do not apply to lenders, and even if they did, the actions alleged do not constitute a violation of these statutes because non-judicial foreclosure is not a "debt collection."  Plaintiffs' claims for Violation of Business and Professions Code § 17200 and Negligence Per Se, which are based exclusively on their insufficient statutory claims, necessarily fail as well.

Plaintiffs are attempting to collect damages from OneWest for alleged actions which are not intended to be covered by the Fair Credit Reporting Act, and that are specifically excluded from the statutes upon which Plaintiffs' claims are based. Accordingly, and as further detailed below, OneWest respectfully requests that this Court dismiss Plaintiffs' Complaint in its entirety, with prejudice.

### II.     STATEMENT OF FACTS.

In December 2006, Plaintiffs obtained a $270,000 residential mortgage loan (the "Loan"), secured by the real property located at 4804 Merle Court, Sacramento, California 95841 (the "Property").  (Complaint, ¶ 10).  Plaintiffs failed to make the

1  required payments on the Loan, and on November 2, 2009, the Property was sold at

2  a non-judicial foreclosure sale. (Complaint, ¶ 14).  Plaintiffs allege that in January

3  2011, after the foreclosure of the Property had been completed, OneWest reported to

4  the CRAs that the foreclosure process on the Loan was in progress.  In support of

5  this allegation, Plaintiffs attach to their Complaint, a credit report reflecting that the

6  status of their credit account with OneWest is "closed."  (Complaint, Exhibit 2).

7  The credit report is illegible in parts, but it appears there is a comment below the

8  account status that states that the foreclosure process started.  Id.  Plaintiffs do not

9  specifically allege what information OneWest allegedly furnished to the CRAs, and

10  their claims are based entirely on the credit report

11       Based on the credit report, Plaintiffs claim they are entitled to an unspecified

12  amount of damages because they were required to pay a 20% down payment on a

13  home they purchased in June 2013, instead of the 3% down payment they speculate

14  they should have been able to make.

15       Even assuming Plaintiffs' allegations are true, which OneWest denies, none of

16  these allegations suffices as the basis for any claim against OneWest, let alone

17  claims predicated upon statutes inapplicable to the conduct at issue.  Plaintiffs have

18  not alleged and cannot allege that OneWest is a "debt collector" within the meaning

19  of the statutes they are seeking to invoke, and they have not alleged and cannot

20  allege OneWest engaged in any "debt collection" activities.  Accordingly, each of

21  their claims fails, and OneWest respectfully requests that this Court dismiss

22  Plaintiffs' claims, with prejudice.

23  **III.    STANDARD OF REVIEW.**

24       In order to state a claim for relief as defined under Fed. R. Civ. P. 8, a

25  "plaintiff must plead a short and plain statement of the elements of his or her claim,

26  identifying the transaction or occurrence giving rise to the claim and the elements of

27  a prima facie case." Bautista v. Los Angeles County, 216 F.3d 837, 840 (9th Cir.

28  2000).  The United States Supreme Court has tightened the pleading standards under

1  Fed. R. Civ. P. 8, and has held that a plaintiff must allege "enough facts to state a
2  claim to relief that is *plausible on its face*." Bell Atlantic Corp. v. Twombly, 550
3  U.S. 544, 555 (2007) (emphasis added).

4      A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal
5  sufficiency of the claims asserted in the complaint. Cairns v. Franklin Mint Co., 24
6  F.Supp.2d 1013, 1023 (C.D. Cal. 1998). Dismissal under the rule may be based
7  either on a "lack of a cognizable legal theory" or on "the absence of sufficient facts
8  alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901
9  F.2d 696, 699 (9th Cir. 1988).

10     In resolving a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a court
11 must:  (1) construe the complaint in the light most favorable to the plaintiff;
12 (2) accept all well-pleaded allegations as true; and (3) determine whether the
13 plaintiff can prove any facts necessary to support a claim for relief. Cahill v.
14 Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). However, "conclusory
15 allegations and unwarranted inferences *are not sufficient to defeat a motion to*
16 *dismiss*." Associated Gen. Contractors. of Am. v. Metro. Water Dist., 159 F.3d
17 1178, 1181 (9th Cir. 1998) (emphasis added); see also Farm Credit Servs. v. Am.
18 State Bank, 339 F.3d 765, 767 (8th Cir. 2003) (A court is "free to ignore legal
19 conclusions, unsupported conclusions, unwarranted inferences and sweeping legal
20 conclusions … [disguised as] factual allegations.") (citation omitted); Clegg v. Cult
21 Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994) ("[T]he court is not
22 required to accept legal conclusions cast in the form of factual allegations if those
23 conclusions cannot be reasonably drawn from the facts alleged.").

24     Here, as detailed below, Plaintiffs' Complaint fails to meet the Fed. R. Civ. P.
25 8(a) pleading standard because, as a matter of law, the allegations in the Complaint
26 do not constitute a violation of any cited statute. OneWest therefore respectfully
27 request that this Court dismiss Plaintiffs' Complaint, with prejudice.

28

1    IV.    **ARGUMENT.**

2            A.    **Plaintiffs' First Cause Of Action For Violation Of Cal. Civ. Code**

3                  **§ 1788.20 (The Rosenthal Act") Fails As A Matter Of Law Because**

4                  **The Statute Prohibits <u>Debtors'</u> Acts, Not Lenders' Acts, And Even**

5                  **If It Did Apply, OneWest Is Not A Debt Collector, And Non-**

6                  **Judicial Foreclosure Is Not A Debt Collection Act.**

7            The section of the Rosenthal Act Plaintiffs allege that OneWest violated, does

8    not prohibit any debt collection activities.  Rather Cal Civ. Code § 1788.20(b)

9    appears under Article 3 of the Act, which regulates "Debtor Responsibilities."

10   Under this section, *debtors*, not debt collectors, are prohibited from "knowingly

11   submitting false or inaccurate information or willfully concealing information

12   bearing upon such person's credit worthiness, credit standing, or credit capacity."  In

13   other words, the statute is aimed at insuring that borrowers and would-be borrowers

14   do not furnish false or inaccurate information in connection with applications for

15   credit.  This statute has no bearing on a lender's ability to report a borrower's

16   foreclosure status to a CRA, but rather – and exclusively – prohibits a borrower

17   from providing false information to a lender when applying for credit.

18           Furthermore, even if the actions of a lender did fall within the ambit of the

19   statute, which they do not, courts have specifically determined that a creditor is not a

20   debt collector for the purposes of the Act.  "The Rosenthal Act regulates the actions

21   of debt collectors, not creditors.  The act prohibits debt collectors from engaging in

22   unfair or deceptive acts or practices in the collection of consumer debts. Fair Debt

23   Collections Practices Act does not regulate creditors activities at all."  <u>Bottoni v.</u>

24   <u>Sallie Mae, Inc</u>. 2011 U.S. Dist. Lexis 18874 at *51 (S.D. Cal. Feb. 11, 2011)

25   (internal citations omitted).

26           Finally, even if the Rosenthal Act did regulate the activities of creditors like

27   OneWest, Plaintiffs' First Cause of Action would still fail because a non-judicial

28   foreclosure is not a debt collection activity.  "Numerous district courts have held

1  that the activity of foreclosing on a property pursuant to a deed of trust is not
2  "collection of a debt" within the meaning of either [the Rosenthal Act or the
3  FDCPA]. As one court has explained: Foreclosing on a trust deed is distinct from
4  the collection of the obligation to pay money. The FDCPA is intended to curtail
5  objectionable acts occurring in the process of collecting funds from a debtor. But,
6  foreclosing on a trust deed is an entirely different path. Payment of funds is not the
7  object of the foreclosure action. Rather, the lender is foreclosing its interest in the
8  property ... Foreclosure by the trustee is not the enforcement of the obligation
9  because it is not an attempt to collect funds from the debtor." <u>Quintero Family Trust</u>
10 <u>v. OneWest Bank, F.S.B.</u>, 2010 U.S. Dist. LEXIS 63659, *11-12 (S.D. Cal. June 25,
11 2010); <u>see also</u> <u>Benham v. Aurora Loan Services</u>, 2009 WL 2880232, *2 (N.D. Cal.
12 Feb. 9, 2009); <u>Hulse v. Ocwen Fed. Bank, FSB</u>, 195 F.Supp.2d 1188, 1204 (D. Or.
13 2002) ("Foreclosing on a trust deed is distinct from the collection of the obligation
14 to pay money. The [Fair Debt Collection Practices Act, to which all Rosenthal Act
15 collection efforts must conform] ... is intended to curtail objectionable acts
16 occurring in the process of collecting funds from a debtor. But, foreclosing on a
17 trust deed is an entirely different path. Payment of funds is not the object of the
18 foreclosure action. Rather, the lender is foreclosing its interest in the property.").
19       Plaintiffs' allegations regarding alleged violations of the Rosenthal Act
20 therefore fail as a matter of law, and the statute relied upon by Plaintiff does not
21 even apply to creditors or debt collectors, but rather regulates only the actions of
22 debtors. Plaintiffs' First Cause of Action fails as a matter of law and should
23 therefore be dismissed with prejudice.
24
25
26
27
28

1     **B.**     **Plaintiffs' Second Cause Of Action For Violation Of 15 U.S.C.**

2            **§ 1692 Fails As A Matter Of Law Because OneWest Is Not A Debt**

3            **Collector As Defined By The Statute And A Non-Judicial**

4            **Foreclosure Does Is Not A Debt Collection Act.**

5       Plaintiffs' Second Cause of Action, for violation of 15 U.S.C. § 1692, is also

6 based on their contention that OneWest is a debt collector who engaged in unfair

7 debt collection practices when it reported the Loan as being in the process of

8 foreclosure rather than as having been foreclosed.  15 U.S.C. § 1692, commonly

9 known as the Fair Debt Collection Practices Act ("FDCPA"), "was enacted by

10 Congress to protect consumers who have been victimized by unscrupulous debt

11 collectors, regardless of whether there is a valid debt owed." <u>Krawczyk v.</u>

12 <u>Centurion Capital Corp.</u>, 2009 U.S. Dist. LEXIS 12204, *23-24 (N.D. Ill. Feb. 18,

13 2009) citing <u>Baker v. G.C. Services Corp.</u>, 677 F.2d 775 (9th Cir. 1982).

14       "To be held directly liable for violation of the FDCPA, a defendant must - as

15 a threshold requirement - fall within the Act's definition of debt collector … The

16 FDCPA defines "debt collector," in pertinent part, as "any person who uses any

17 instrumentality of interstate commerce or the mails in any business the principal

18 purpose of which is the collection of any debts, or who regularly collects or attempts

19 to collect, directly or indirectly, debts owed or due or asserted to be owed or due

20 another." 15 U.S.C. § 1692a(6). Hence, a "debt collector" under the FDCPA is

21 either (1) a person whose business's principal purpose is the collection of debts

22 (whether on behalf of himself or others); or (2) a person" who regularly collects

23 debts on behalf of others (whether or not it is the principal purpose of his

24 business)…The distinction between creditors and debt collectors is fundamental to

25 the FDCPA, because the Act does not regulate creditors' activities at all.  As a result,

26 courts have routinely held that creditors who collect debts in their own name and

27 whose principal business is not debt collection are not subject to the FDCPA." <u>Oei</u>

28

1   v. N Star Capital Acquisitions, LLC, 486 F. Supp. 2d 1089, 1097 (C.D. Cal. 2006)

2   (internal citations omitted).

3       OneWest is indisputably a creditor whose principal business is lending

4   money, not collecting debts.  Plaintiffs have not alleged and cannot allege that

5   OneWest is a "debt collector" within the ambit of the FDCPA because, as a matter

6   of law, a creditor is not a debt collector.  Oei, 486 F. Supp 2d at 1097.  Accordingly,

7   Plaintiffs' claim for violation of the FDCPA must fail.

8       Moreover, as addressed above, even if OneWest was subject to the FDCPA,

9   the action of reporting the status of a foreclosure is not a violation of the act.  The

10   law is clear:  the conduct of a lender in connection with a non-judicial real property

11   foreclosure   does not constitute the "collection of a debt" within the meaning of the

12   FDCPA.  Schuck v. Fannie Mae, 2011 U.S. Dist. LEXIS 69257, *19 n.4 (E.D. Cal.

13   June 28, 2011); Perez v. Ocwen Loan Servicing, 2011 U.S. Dist. LEXIS 73769,

14   *13-*14 (S.D. Cal. July 6, 2011); Ricon v. Recontrust Co., 2009 U.S. Dist. LEXIS

15   67807, *9 (S.D. Cal. Aug. 4, 2009); Gamboa v. Tr. Corps & Cent. Mortg. Loan

16   Servicing Co., 2009 U.S. Dist. LEXIS 19613, *11 (N.D. Cal. Mar. 12, 2009);

17   Izenberg v. ETS Servs., LLC, 589 F.Supp.2d 1193, 1199 (C.D. Cal. 2008).

18       OneWest is not a debt collector subject to the FDCPA, and Plaintiffs have not

19   alleged that OneWest engaged in any acts that violate the Act.  Thus, Plaintiffs'

20   Second Cause of Action fails, as a matter of law, and should be dismissed, with

21   prejudice.

22       **C.**    **Plaintiffs' Third Cause Of Action Is Predicated On Their First Two**

23           **Failed Causes Of Action And Therefore Necessarily Fails.**

24       In alleging a claim for unlawful business practices, a plaintiff must allege

25   facts to demonstrate that a defendant's practice violates some specific, underlying

26   law.  See People v. McKale, 25 Cal. 3d 626, 635 (1979); Khoury v. Maly's of

27   California, 14 Cal. App. 4th 612, 619 (1993).  Establishing a claim under Cal. Bus.

28   & Profs. Code § 17200 ("Section 17200") therefore necessarily requires the

1   violation of an independent, underlying law or statute, and the facts supporting the

2   statutory violation must be stated with reasonable particularity.  <u>McKale</u>, 25 Cal. 3d

3   at 635; <u>Khoury</u>, 14 Cal. App. 4th at 616.

4          Here, Plaintiffs' claim for Section 17200 is based exclusively on their claims

5   that OneWest violated the statutes underpinning their unsupported First and Second

6   Causes of Action.  As established above, those statutes do not give rise to a claim

7   against OneWest.  Therefore, Plaintiffs cannot sufficiently allege a violation of a

8   statute or law sufficient to support their Section 17200 claim, and their Third Cause

9   of Action must fail.

10   **D.    <u>Plaintiffs' Fourth Cause Of Action, For Negligence Per Se, Is Also</u>**

11          **<u>Based Exclusively On Plaintiffs' Unsupported Statutory Violation</u>**

12          **<u>Claims, And Must Accordingly Fail.</u>**

13          To assert a viable claim for Negligence Per Se, Plaintiffs must have

14   established that OneWest violated a statute or regulation.  Cal. Evid. Code § 669(a).

15   Plaintiffs' Negligence Per Se claim is based entirely on their contention that

16   OneWest is subject to and violated the Rosenthal Act and the FDCPA.  (Complaint,

17   ¶ 43).  As discussed above, those claims fail for a number of reasons.  Thus,

18   Plaintiffs have not alleged any underlying statutory violation, and their claim for

19   Negligence Per Se must fail as well.

20   **V.   <u>CONCLUSION.</u>**

21          Plaintiffs' Complaint is based entirely on their contention that OneWest

22   violated the Rosenthal Act and the FDCPA when it allegedly incorrectly reported

23   the status of Plaintiffs' foreclosure as being in progress rather than completed.

24   Neither of these statutes bars the actions in issue.  Nor do they apply to creditors or

25   provide Plaintiffs with any basis for the relief they seek.  As a consequence, there is

26   no possible amendment that could cure the defects in Plaintiffs' Complaint, and the

27   Complaint should be dismissed in its entirety, with prejudice.

28

1  |  Dated:  May 14, 2014

ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
DAVID R. ZARO
JOSHUA A. DEL CASTILLO
LAUREN R. RACANELLI


By:_____/s/ Lauren Racanelli_____

LAUREN R. RACANELLI
Attorneys for Defendant
ONEWEST BANK N.A., formerly
known as ONEWEST BANK, FSB

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

## PROOF OF SERVICE

2        I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen (18) and am not a party to this action.  My business address is 515 South Figueroa Street,

3 Ninth Floor, Los Angeles, California 90071-3309.

4        On May 14, 2014, I served the within document(s) described as:

5      **NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

6
the interested parties in this action as stated on the attached mailing list:

7

8  ☒    **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – the above-described document will be served by the Court via NEF.  On **May 14, 2014**, I viewed the CM/ECF Mailing Information for a Case for

9      this case and determined the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

10     • Danny A. Barak

11       dbarak@unitedlawcenter.com

12  ☒    **BY OVERNIGHT DELIVERY:**  I deposited in a box or other facility regularly maintained by FedEx, or delivered to a courier or driver authorized by said express service

13     carrier to receive documents, a true copy of the foregoing document(s) in sealed envelopes or packages designated by the express service carrier, addressed as indicated below on

14     **May 14, 2014**, with fees for overnight delivery paid or provided for.

15

16     **Danny A. Barak**
       United Law Center

17     3013 Douglas Blvd.
       Suite 200

18     Roseville, CA 95661
       916-367-0647

19

20     I declare under penalty of perjury under the laws of the State of California that the

21     foregoing is true and correct.

22     Executed on May 14, 2014, at Los Angeles, California.

23

24
_____

25   MELISSA A. KRUMHOLT                          _____
         (Type or print name)                         (Signature of Declarant)

26

27

28

988897.01/LA